UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID PAUL RUIZ, CONROY PINNOCK, and JANICE MARIE PINNOCK SMITH, Plaintiffs § § § § § | |
| v. § § | CIVIL ACTION NO. 5:21-cv-00749 |
| DEE KING TRUCKING LP, AND LANCER DUKE MCCARTY, Defendants § § § § | |

**PLAINTIFFS DAVID RUIZ, CONROY PINNOCK, AND JANICE MARIE PINNOCK SMITHS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs David Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith (hereinafter "Plaintiffs" or separately as "Ruiz", "Pinnock", and "Smith"), and files their Original Complaint against Defendants Dee King Trucking LP and Duke Lancer McCarty (hereinafter collectively "Defendants" or separately as "Dee King" or "McCarty"), and in support thereof show as follows:

### I.   PARTIES

1.1   Plaintiffs David Paul Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith are residents of Florida.

1.2   Defendant Dee King Trucking LP is a limited partnership located in and registered in Texas. Its primary address is 17601 Saint Francis Ave., Amarillo, TX 79108. Defendant can be served with citation and service of process through its registered agent, DT. King, Jr. located at 17601 Saint Francis Ave., Amarillo, TX 79108..

1.3     Defendant Duke Lancer McCarty is an individual residing in Texas.  Defendant can be served with citation and service of process at his last known address, 15114 XL Trail, Amarillo, Texas 79118; or wherever he may be found.

## II.     JURISDICTION

2.1     This court has original jurisdiction over this action by reason of diversity of citizenship between the parties.  28 U.S.C. section 1332.  Plaintiffs are residents of Florida, and Defendants are residents of Texas.  Plaintiffs' amount in controversy exceeds $75,000.00.  *Id.*

## III.     BACKGROUND FACTS

3.1     Plaintiffs David Paul Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith bring this suit to recover damages for personal injuries sustained by Plaintiffs in a collision with a tractor-trailer owned or leased by Defendant Dee King Trucking LP and driven/operated by Defendant Duke Lancer McCarty.

3.2     On November 24, 2020, at approximately 0917 hours (9:17 a.m.), Plaintiffs were heading eastbound on Interstate 10, in or near Kerrville, Texas.  Ruiz was lawfully driving a GMC pick-up truck towing a trailer.  Pinnock and Smith were passengers.

3.3     Defendant McCarty was driving a tractor-trailer eastbound behind Plaintiffs.  McCarty failed to control his speed and indicated to the investigating officer that he may have fallen asleep.

3.4     Defendants' vehicle struck the back of Plaintiffs' trailer causing Plaintiffs' vehicle to jack knife and careen onto the unimproved shoulder between Interstate 10 and its access road.

3.5     Defendant McCarty was cited by the investigating officer for failure to control his speed.

3.6     The tractor-trailer McCarty drove was owned by Defendant Dee King Trucking LP while he was in the course and scope of his employment for Dee King.  McCarty failed to maintain his speed, keep a proper lookout, failed to timely apply his brakes, and failed to maintain a safe

following distance. Moreover, as noted above, Defendant advised the investigating officer that he may have been asleep.

3.7     Plaintiffs were restrained at the time; and, upon impact, were violently jerked frontwards and backwards by the force of the collision. As a result of this violent collision, Plaintiffs each suffered severe injuries.

### IV.     NEGLIGENCE AND NEGLIGENCE PER SE OF MCCARTY/RESPONDEAT SUPERIOR

4.1     Defendant McCarty was negligent in one or more of the following particulars, each of which act and/or omission, individually or collectively, constitutes negligence and negligence per se which proximately caused the collision and the resulting injures and damages to Plaintiffs Ruiz, Pinnock, and Smith:

a. In following too closely;

b. In failing to maintain a safe following distance;

c. In failing to timely apply his brakes;

d. In failing to control his speed;

e. In violating the Texas Transportation Code Sections 545.062, 545.351, and 545.401.

f. In operating his vehicle in a negligent and/or reckless manner;

g. In failing to keep a proper lookout;

h. Illegally operating a tractor-trailer while fatigued or otherwise impaired; and,

i. In failing to take proper and safe evasive action.

The negligence of Defendant McCarty was a proximate cause of Plaintiffs' injuries and the damages suffered herein.

4.2     Defendant Dee Trucking is legally responsible to Plaintiffs for the negligent conduct of Defendant McCarty under the legal doctrine of ***Respondeat Superior*** because Defendant McCarty

was at all times material hereto an agent, ostensible agent, servant and/or employee of Dee Trucking, and was acting within the course and scope of his employment. As a result, Defendant Dee Trucking is vicariously liable for all negligence of Defendant McCarty.

4.3     When it is alleged that Defendants McCarty or Dee Trucking did any act, it is meant that Dee Trucking's employees, agents, officers, representatives, or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of the Dee Trucking or was done in the normal and routine course and scope of employment of such person. Under the doctrine of ***Respondeat Superior,*** Dee Trucking is liable to the Plaintiffs for the conduct or omissions of its employees, including, but not limited to McCarty.

## V.
## NEGLIGENCE/NEGLIGENT ENTRUSTMENT/FAILURE TO PROPERLY TRAIN/DEFENDANT DEE TRUCKING

5.1     At all relevant times, Defendant Dee Trucking was the owner of the tractor-trailer/commercial vehicle and the employer of Defendant McCarty acting in the course and scope of his employment at the time of the negligent acts and crash in question.

5.2     Defendant Dee Trucking was also negligent in failing to properly train, instruct and supervise Defendant McCarty, and such negligence was a proximate cause of the accident made the basis of this lawsuit and Plaintiffs' injuries and damages.

5.3     Defendant Dee Trucking was independently negligent and negligent per se in the entrustment of its 18-wheeler to Defendant McCarty. Plaintiffs therefore bring this action under general negligence and negligent entrustment theories against Dee Trucking.

5.4     The Negligence of Defendant Dee trucking was a proximate cause of Plaintiffs' injuries and damages suffered herein.

## VI. DAMAGES

6.1     As a direct and proximate cause of the acts and omissions set out above, Plaintiffs sustained injuries in the accident made the basis of this suit.  From the date of the occurrence in question until the time of trial of this case, and for the foreseeable future based on the evidence, these elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonable compensate each of the Plaintiffs for each of the elements as follows:

1. All damages requested including monetary relief over $1,000,000.00;
2. physical pain and mental anguish in the past and future;
3. lost wages and loss of earning capacity in the future;
4. physical disfigurement in the past and future;
5. physical impairment in the past and future;
6. medical expenses in the past and future; and,
7. all other damages allowed by law and equity.

## VII. PREJUDGMENT INTEREST

7.1     Plaintiffs would additionally show that they are entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs sue for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## VIII. JURY DEMAND

8.1     Plaintiff respectfully requests a jury trial.

## IX. RESERVATION OF RIGHTS

9.1     These allegations against Defendants are made acknowledging that investigation and discovery are continuing in this matter.  As further investigation and discovery are conducted,

additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding additional parties or dismissing parties from the case.  Plaintiffs' right to do so under Texas Law is expressly reserved.

## X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Plaintiffs request Defendants be cited and appear herein and answer, that upon final trial or other disposition of this lawsuit, Plaintiffs have and recover judgment against Defendants, jointly and severally, for the following: (1) judgment against Defendants for actual and compensatory damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; and (4) such other and further relief, general and special, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**MAIDA LAW FIRM**

_____
**SAM A. MAIDA, JR.**
State Bar No. 00787950
smaidajr@maidalawfirm.net
**JERRY C. VON STERNBERG**
State Bar Number 2061815
jvonsternberg@maidalawfirm.net
**GABRIEL DE VEGA**
State Bar No. 24069585
Gdevega@maidalawfirm.net
8313 Southwest Freeway, Suite 102
Houston, Texas  77074
Telephone     (713) 785-9484
Facsimile     (713) 583-7099

**ATTORNEYS FOR PLAINTIFFS**