UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID PAUL RUIZ, CONROY | § | |
| PINNOCK, and JANICE MARIE | § | |
| PINNOCK SMITH, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  5:21-cv-00749-XR |
| | § | |
| DEE KING TRUCKING, LP, | § | |
| D.K. TRUCKING, INC. AND | § | |
| LANCER DUKE MCCARTY, | § | |
| Defendants | § | |

**PLAINTIFFS DAVID RUIZ, CONROY PINNOCK, AND JANICE MARIE PINNOCK
SMITH'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs David Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith (hereinafter "Plaintiffs" or separately as "Ruiz", "Pinnock", and "Smith"), and files their First Amended Complaint against Defendants Dee King Trucking, LP, D.K. Trucking, Inc., and Lancer Duke McCarty (hereinafter collectively "Defendants" or separately as "Dee King", "D.K. Trucking" or "McCarty"), and in support thereof show as follows:

## I.     PARTIES

1.1     Plaintiffs David Paul Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith are permanently domiciled and resident citizens of Florida.

1.2     Defendant Dee King Trucking, LP is a limited partnership located in, formed in, and registered in Texas.  Its principal place of business is located at 17601 Saint Francis Ave., Amarillo, TX 79108.  Its general partner, D.K. Trucking Inc., is a corporate citizen of Texas having been incorporated in Texas and having its principal place of business in Texas.  Defendant Dee

King Trucking, LP can be served with citation and service of process through its registered agent, D.T. King, Jr. located at 17601 Saint Francis Ave., Amarillo, TX 79108.

1.3     Defendant D.K. Trucking, Inc. is a domestic corporation incorporated in accordance with the laws of the State of Texas and has its principal place of business in Texas.  Defendant can be served with citation and service of process through its registered agent, Dee King, Jr., 1104 West Highway 60, Friona, Texas 79035.

1.4     Defendant Lancer Duke McCarty is an individual residing and permanently domiciled in Texas and is therefore a citizen of Texas.  Defendant can be served with citation and service of process at his last known address, 15114 XL Trail, Amarillo, Texas 79118; or wherever he may be found.

## II.     JURISDICTION AND VENUE

2.1     This court has original jurisdiction over this action by reason of complete diversity of citizenship between the parties.  28 U.S.C. section 1332.  Plaintiffs are permanently domiciled in Florida; Defendants are -- an individual permanently domiciled in Texas, a Texas Limited Partnership with its Partner(s) being citizens of Texas; and, its corporate General Partner that is incorporated in Texas and has its principal place of business in Texas.

2.2     Plaintiff David Ruiz has his permanent residence at 1100 Lake Elbert Dr. SE, Winter Haven, Florida.  Because his domicile is in Florida, he is a citizen of Florida.

2.3     Conroy Pinnock has his permanent residence at 1050 Fairway Dr., Lakeland, Florida. Because his domicile is in Florida, he is a citizen of Florida.

2.4     Janice Marie Pinnock Smith has her permanent residence at 1050 Fairway Dr., Lakeland, Florida.  Because her domicile is in Florida, she is a citizen of Florida.

2.5     Plaintiffs Ruiz, Pinnock, and Smith are not now nor ever have been residents of, nor domiciled in, Texas.

2.6     Defendant Duke Lancer McCarty is an individual permanently residing in and domiciled in Texas.  He, therefore, is a citizen of Texas.

2.7     Defendant Dee King Trucking, LP is a Texas limited partnership and therefore a citizen of any state in which its partners are citizens – here only Texas.

2.8     After a diligent search of the records of the Texas Secretary of State, Plaintiffs have confirmed that Dee King Trucking, LP's general partner, D.K. Trucking, Inc., is a corporation incorporated in Texas with its principal place of business in Texas.  Hence it is a citizen of Texas.

2.9     The incorporating documents filed as to the general partner D.K. Trucking, Inc. with the Texas Secretary of State list D.T. King, Jr., an individual permanently residing in and domiciled in Texas, as its sole director and the agent for service of process in Friona, Texas.

2.10    As noted above, Defendant Dee King Trucking, LP's primary address is 17601 Saint Francis Ave., Amarillo, TX 79108 and its registered agent, D.T. King, Jr., is located at 17601 Saint Francis Ave., Amarillo, TX 79108.  Since its partner(s) are Texas citizens, it is a citizen of Texas.

2.11    The documents filed by Defendant Dee King Trucking, LP with the Texas Secretary of State list no other general partners other than D.K. Trucking, Inc.  However, in Texas Franchise Tax Public Information Reports, filed by Dee King Trucking, LP., in 2016 and 2017, Defendant lists Dee King, Aaron King, and Nathan King as Limited Partners with a mailing address of 6906 Longleaf, Amarillo, Texas 79124 -- individuals permanently residing in and domiciled in Texas. Therefore, citizens of Texas.   Later Franchise Reports list only the General Partner or Dee King as partners – citizens of Texas.

2.12    The limited partnership has no general or limited partners who are citizens *outside* the State of Texas; and, certainly no individual or business entity Defendant is a *citizen of Florida*, confirming complete diversity of citizenship – with Plaintiffs being citizens of Florida and Defendants citizens of Texas.

2.13    Plaintiffs' amount in controversy exceeds $75,000.00.  *Id.*

2.14    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the accident occurred in Pecos County, Texas and therefore a substantial part of the events or omissions giving rise to the claim occurred in this District

### III.    BACKGROUND FACTS

3.1    Plaintiffs David Paul Ruiz, Conroy Pinnock, and Janice Marie Pinnock Smith bring this suit to recover damages for personal injuries sustained by Plaintiffs in a collision with a tractor-trailer owned or leased by Defendant Dee King Trucking, LP and driven/operated by Defendant Duke Lancer McCarty.

3.2    On November 24, 2020, at approximately 0917 hours (9:17 a.m.), Plaintiffs were heading eastbound on Interstate 10, in or near Kerrville, Texas.  Ruiz was lawfully driving a GMC pick-up truck towing a trailer.  Pinnock and Smith were passengers.

3.3    Defendant McCarty was driving a tractor-trailer eastbound behind Plaintiffs.  McCarty failed to control his speed and indicated to the investigating officer that he may have fallen asleep.

3.4    Defendants' vehicle struck the back of Plaintiffs' trailer causing Plaintiffs' vehicle to jack knife and careen onto the unimproved shoulder between Interstate 10 and its access road.

3.5    Defendant McCarty was cited by the investigating officer for failure to control his speed.

3.6    The tractor-trailer McCarty drove was owned by Defendant Dee King Trucking, LP while he was in the course and scope of his employment for Dee King.  McCarty failed to maintain his

speed, keep a proper lookout, failed to timely apply his brakes, and failed to maintain a safe following distance.  Moreover, as noted above, Defendant McCarty advised the investigating officer that he may have been asleep.

3.7     Plaintiffs were restrained by seat belts at the time; and, upon impact, were violently jerked frontwards and backwards by the force of the collision.  As a result of this violent collision, Plaintiffs each suffered severe injuries.

## IV.     NEGLIGENCE AND NEGLIGENCE PER SE OF MCCARTY/RESPONDEAT SUPERIOR

4.1     Defendant McCarty was negligent in one or more of the following particulars, each of which act and/or omission, individually or collectively, constitutes negligence and negligence per se which proximately caused the collision, and the resulting injures and damages to Plaintiffs Ruiz, Pinnock, and Smith:

   a.   In following too closely;

   b.   In failing to maintain a safe following distance;

   c.   In failing to timely apply his brakes;

   d.   In failing to control his speed;

   e.   In violating the Texas Transportation Code Sections 545.062, 545.351, and 545.401.

   f.   In operating his vehicle in a negligent and/or reckless manner;

   g.   In failing to keep a proper lookout;

   h.   Illegally operating a tractor-trailer while fatigued or otherwise impaired; and,

   i.   In failing to take proper and safe evasive action.

The negligence of Defendant McCarty was a proximate cause of Plaintiffs' injuries and the damages suffered herein.

4.2     Defendant Dee Trucking is legally responsible to Plaintiffs for the negligent conduct of Defendant McCarty under the legal doctrine of ***Respondeat Superior*** because Defendant McCarty was at all times material hereto an agent, ostensible agent, servant and/or employee of Dee Trucking, and/or under the employment, supervision and control of its general partner, D.K. Trucking, Inc., and was acting within the course and scope of his employment.  As a result, Defendant Dee Trucking and D.K. Trucking Inc. are vicariously liable for all negligence of Defendant McCarty.

4.3     When it is alleged that Defendants McCarty or Dee Trucking, or D.K. Trucking did any act, it is meant that Dee Trucking's employees, agents, officers, representatives, or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Dee Trucking or was done in the normal and routine course and scope of employment of such person. Under the doctrine of ***Respondeat Superior,*** Dee Trucking and/or D.K. Trucking is/are liable to the Plaintiffs for the conduct or omissions of their employees, including, but not limited to McCarty.

**V.**
## NEGLIGENCE/NEGLIGENT ENTRUSTMENT/FAILURE TO PROPERLY TRAIN/DEFENDANTS DEE TRUCKING

5.1     At all relevant times, Defendant Dee Trucking was the owner of the offending tractor-trailer/commercial vehicle and the employer of Defendant McCarty acting in the course and scope of his employment at the time of the negligent acts and crash in question.  Defendant D.K. Trucking is Dee Trucking's general partner and liable for Defendant Dee Trucking – both are liable for Defendant McCarty's negligence.

5.2     Defendants Dee Trucking and D.K. Trucking are also negligent in failing to properly train, instruct and supervise Defendant McCarty, and such negligence was a proximate cause of the accident made the basis of this lawsuit and Plaintiffs' injuries and damages.

5.3     Defendant Dee Trucking and D.K. Trucking were independently negligent and negligent per se in the entrustment of the 18-wheeler to Defendant McCarty.  Plaintiffs therefore bring this action under general negligence and negligent entrustment theories against Dee Trucking and D.K. Trucking, jointly and severally.

5.4     The negligence of Defendant Dee Trucking and D.K. Trucking trucking was a proximate cause of Plaintiffs' injuries and damages they suffered as a result of the violent collision.

## VI.   DAMAGES

6.1     As a direct and proximate cause of the acts and omissions set out above, Plaintiffs sustained injuries in the accident made the basis of this suit.  From the date of the occurrence in question until the time of trial of this case, and for the foreseeable future based on the evidence, these elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonable compensate each of the Plaintiffs for each of the elements as follows:

1.     All damages requested including monetary relief over $1,000,000.00;

2.     physical pain and mental anguish in the past and future;

3.     lost wages and loss of earning capacity in the future;

4.     physical disfigurement in the past and future;

5.     physical impairment in the past and future;

6.     medical expenses in the past and future; and,

7.     all other damages allowed by law and equity.

## VII.    PREJUDGMENT INTEREST

7.1    Plaintiffs would additionally show that they are entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs sue for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## VIII.   JURY DEMAND

8.1    Plaintiffs respectfully request a jury trial.

## IX.    RESERVATION OF RIGHTS

9.1    These allegations against Defendants are made acknowledging that investigation and discovery are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding additional parties or dismissing parties from the case.  Plaintiffs' right to do so under Texas Law is expressly reserved.

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Plaintiffs request Defendants be cited and appear herein and answer, that upon final trial or other disposition of this lawsuit, Plaintiffs have and recover judgment against Defendants, jointly and severally, for the following: (1) judgment against Defendants for actual and compensatory damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; and (4) such other and further relief, general and special, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**MAIDA LAW FIRM**

**SAM A. MAIDA, JR.**
State Bar No. 00787950
smaidajr@maidalawfirm.net
**JERRY C. VON STERNBERG**
State Bar Number 20618150
jvonsternberg@maidalawfirm.net
**GABRIEL DE VEGA**
State Bar No. 24069585
Gdevega@maidalawfirm.net
8313 Southwest Freeway, Suite 102
Houston, Texas  77074
Telephone        (713) 785-9484
Facsimile         (713) 583-7099

**ATTORNEYS FOR PLAINTIFFS**